IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KIMBERLY EALY,**<br><br>　　　　　　**Plaintiff,**<br><br>　　-v-<br><br>**EQUIFAX INFORMATION SERVICES, LLC,**<br><br>　　　　　　**Defendant.** | **Civil Case Number:**<br><br><u>**CIVIL ACTION**</u><br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Identity theft has long been a widespread problem in this country. Over the past decades, identity theft has emerged over the last decade as one of the fastest growing white-collar crimes in the United States.[1] Millions of Americans annually fall victim to this crime and are required to spend countless hours and untold effort in attempting to undo the resultant harm caused to their credit reports.[2]

2. As a result of this growing problem, Congress amended the Fair Credit Reporting Act in 2003 ("FCRA," 15 U.S.C. 1681 *et seq.*) to increase protection for victims of identity theft.[3] These regulations require "consumer reporting agencies" ("CRAs") such as Equifax, to block information in a consumer's credit report if that information resulted

---

[1] *See, Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 505 (4th Cir. 2007).
[2] Victimization surveys conducted by Synovate for the Federal Trade Commission estimate that, between 1998 and 2003, approximately 27.3 million adults discovered they were the victims of identity theft, with 9.91 million adults discovering they were victims in 2003 alone. *See,* Graeme R. Newman & Megan M. NcNally, *Identity Theft Literature Review* 14 (2005), http://www.ncjrs.gov/pdffiles1/nij/grants/210459.pdf (citing Synovate, Federal Trade Commission—Identity Theft Survey Report 7, 12 (2003), http://www.ftc.gov/os/2003/09/synovatereport.pdf) .
[3] *See*, Pub.L. 108–159 (December 4, 2003)

from identity theft. The CRA must do so within four days of receiving certain documentation of the identity theft. 15 U.S.C. § 1681c–2(a). That documentation includes: proof of the consumer's identity; a copy of "an identity theft report"; identification of what information should be blocked; and the consumer's statement that the disputed information does not relate to any transaction that she made. *Id.* Once a CRA receives the necessary information and places the block, it must inform the "furnisher" of the blocked information. 15 U.S.C. § 1681c–2(b).

3. Kimberly Ealy, the Plaintiff in this case, has been the unfortunate victim of identity theft. Specifically, there is an account with Uplift, Inc. on the Plaintiff's Equifax credit report that the Plaintiff has never opened, used or authorized.

4. Rather than working with Ms. Ealy to rectify this unfortunate situation, the Defendant has repeatedly refused to remove this fraudulent account from the Plaintiff's credit report, despite the Plaintiff specifically disputing this fraudulent account. Instead, the Defendant has continued to willfully and negligently harm the Plaintiff's credit report by continuing to associate this fraudulent account with the Plaintiff, thereby severely impacting Plaintiff's life and his ability to obtain credit.

5. Plaintiff thus brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") alleging that Equifax has negligently and recklessly disseminated false information regarding the Plaintiff's credit, namely by continuing to associate Plaintiff with this fraudulent account, particularly after the Plaintiff mailed letters to Defendant specifically advising them of this issue and submitting the necessary supporting documentation.

6. Plaintiff further alleges that Equifax failed to follow reasonable procedures to ensure

maximum accuracy of credit reports it prepared concerning Plaintiff, and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

7. Additionally, Equifax failed to follow the most basic requirements of the FCRA, which require this information to be blocked within four days of being provided the necessary documents.

8. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

9. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Texas, and violated Plaintiff's rights under the FCRA in the state of Texas as alleged more fully below.

10. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conduct business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

11. Plaintiff, Kimberly Ealy ("Plaintiff"), is a resident of Houston, Texas, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Equifax Information Services, LLC ("Equifax") is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15

U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13. Equifax is a limited liability company with its principal place of business at 1550 Peachtree Street & One Atlantic Center, Atlanta, Georgia.

## FACTUAL ALLEGATIONS

14. Plaintiff has never had an account with Uplift in her life.

15. Nevertheless, Equifax is reporting that the Plaintiff had an account with Uplift, which account went delinquent and was then charged off.

16. Predictably, such reporting of a fraudulent, derogatory account has greatly harmed the Plaintiff's credit reputation and ability to obtain credit.

17. On or about June 9, 2021, the Plaintiff then tried disputing this account with Equifax.

18. In that dispute, the Plaintiff clearly advised Equifax that she was the victim of Identity Theft and that this information should be removed and blocked.

19. Equifax received this dispute letter on June 12, 2021 based on the tracking number in Plaintiff's possession, but refused to investigate, block or remove the fraudulent Uplift account on the Plaintiff's credit report.

20. Instead, on June 17, 2021, Equifax issued a 'stall letter' acknowledging receipt of the Plaintiff's dispute but claiming that it could not locate the Plaintiff's credit file.

21. Upon information and belief, Equifax had all the information it needed to correctly locate and investigate the Plaintiff's June 9, 2021 dispute, but just refused to do so in order to push off having to deal with Plaintiff's dispute.

22. On July 1, 2021, and in response to Equifax's June 17, 2021 Letter, the Plaintiff then mailed yet another dispute letter to Equifax, this time also including a copy of the Plaintiff's driver's license as well as a copy of her Social Security card.

23. Equifax received the Plaintiff's second dispute on July 5, 2021.

24. Equifax again refused to investigate, block or remove the fraudulent Uplift account on the Plaintiff's credit report.

25. Instead, on July 7, 2021, Equifax issued yet another 'stall letter' acknowledging receipt of the Plaintiff's second dispute but claiming that it could not locate the Plaintiff's credit file.

26. Upon information and belief, Equifax had all the information it needed to correctly locate and investigate the Plaintiff's July 1, 2021 dispute, but just refused to do so in order to push off having to deal with Plaintiff's dispute.

27. Equifax did not block the inaccurate information, even after the Plaintiff sent them all required documentation.

28. At all times pertinent hereto, Defendant's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s, 1681c and 1681i of the FCRA.

29. As a direct and proximate result of the Defendant's violations of the FCRA, Plaintiff has been harmed in her daily life, by the impact that this derogatory information has had on his credit score and her ability to secure credit.

30. Defendant's violations of the FCRA further caused the Plaintiff great distress, annoyance and frustration in her daily life, which she should not have to deal with, and subjected the Plaintiff to abusive credit reporting practices which Plaintiff had a substantive right to be free from.

## COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST EQUIFAX

31. All preceding paragraphs are realleged.

32. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

33. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

34. Equifax received the Plaintiff's June 9, 2021 and July 1, 2021 dispute letters, as evidenced by Equifax's response letters to those dispute letters.

35. However, Defendant has refused to conduct a reasonable investigation to determine whether the disputed Uplift information is accurate or not, despite the expiration of its time to do so.

36. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

## COUNT II
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST EQUIFAX

37. All preceding paragraphs are realleged.

38. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

39. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the fraudulent Uplift account from the Plaintiff's credit report, especially after the Plaintiff repeatedly disputed this account with Equifax.

40. Furthermore, were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have prevented the erroneous information from being reported on the Plaintiff's credit report.

41. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681c-2
## AGAINST EQUIFAX

42. All preceding paragraphs are realleged.

43. On or about June 9, 2021 and July 1, 2021, Plaintiff initiated a dispute with Equifax requesting that they correct and remove the Uplift account, as this account was fraudulently opened by an individual other than the Plaintiff.

44. Equifax refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

45. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Equifax continued to report this fraudulent information.

46. As a direct and proximate result of Equifax's willful and/or negligent refusal to block this

fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

## DEMAND FOR TRIAL BY JURY

47. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: January 21, 2022                MARCUS & ZELMAN, LLC

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
yzelman@MarcusZelman.com
*Attorneys for Plaintiff*